UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SAMUEL KINUTHIA GICHARU, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 23-11672-MJJ |
| | * | |
| ANTONE MONIZ, Superintendent, | * | |
| Plymouth County Correctional Facility, | * | |
| | * | |
| Respondents. | | |

**MEMORANDUM AND ORDER**

September 8, 2023

JOUN, D.J.

On August 3, 2023, Samuel Kinuthia Gicharu—who was an immigration detainee at the time—filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in which he seeks immediate release. (Docket No. 1).[1] In the petition, Gicharu represents that he was taken into immigration custody on August 1, 2023. Respondent has objected to the petition, arguing, *inter alia*, that Gicharu's removal from the United States on August 3, 2023, mooted the request for habeas relief. (Docket No. 19). For the reasons stated below, the Court will deny all claims for habeas relief and dismiss any non-habeas claims without prejudice.

**I.     Mootness of Request for Habeas Release**

"Article III [of the United States Constitution] prohibits federal courts from deciding 'moot' cases or controversies—that is, those in which the issues presented are no longer 'live' or

---

[1] It appears that the petition was filed by Gicharu's family members using an electronic image of his signature. A petition for a writ of habeas corpus may be filed by the petitioner or "by someone acting in his behalf." 28 U.S.C. § 2242.

the parties lack a legally cognizable interest in the outcome." *Union de Empleados de Muelles de Puerto Rico, Inc. v. Int'l Longshoremen's Ass'n*, 884 F.3d 48, 57 (1st Cir. 2018) (quoting *United States v. Reid*, 369 F.3d 619, 624 (1st Cir. 2004) (citation omitted)). "So even if a suit presented a live dispute when filed, if events change 'such that . . . the complaining party winds up with all the relief the federal court could have given [it],' the case is 'moot' and must be dismissed. *Calvary Chapel of Bangor v. Mills*, 52 F.4th 40, 46–47 (1st Cir. 2022) (alterations in original) (quoting *Boston Bit Labs, Inc. v. Baker*, 11 F.4th at 8 n.3 (1st Cir. 2021) (citation omitted)).

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Thus, the release of a habeas petitioner from the challenged custody may moot a habeas petition.

Such is the case with the present action. Invoking *Zadvydas v. Davis*, 533 U.S. 678 (2001), Gicharu argues that his detention was unlawful because, from 2015-2016, he already spent over six months in post-removal order immigration detention. *See* Pet. at 12-19. He asks that the Court order his immediate release "under reasonable conditions of supervision." *Id.* at 18, ¶ 2.

Gicharu's removal to Kenya moots petition for release from ICE custody because the Court can no longer provide the requested relief. Accordingly, the Court must dismiss any claim for habeas relief. *See, e.g*, *Mehmood v. United States Att'y Gen.*, 808 Fed. App'x 911 (11th Cir. 2020) (per curiam) (dismissing as moot appeal of denial of immigration detainee's habeas petition for release, where detainee was removed from the United States pending the appeal); *Purveegiin v. Chertoff*, 282 Fed. App'x 149, 150 (3rd Cir. 2008) (per curiam) (upholding dismissal of habeas action as moot where immigration detainee who had sought release from ICE

custody had been "inadvertently" removed from the United States); *Denis v. DHS/ICE of Buffalo, New York*, 634 F. Supp. 2d 338 (W.D.N.Y.) (dismissing habeas action as moot where immigration detainee who sought release from ICE custody had been removed from the United States).

**II.     Dismissal of Non-Habeas Claims**

After filing his original petition, Gicharu filed, presumably through family members, other pleadings in which he seeks not only his release, but also (1) challenges his removability; and (2) brings claims for physical injuries allegedly inflicted by ICE officers in 2015, 2018, and August 2023. (Docket Nos. 10, 11, 17, 22). To the extent the remedy Gicharu seeks in these pleadings is release from immigration detention, for the reasons set forth above, the claims were mooted by his removal to Kenya. Any other claims raised in these pleadings do not sound in habeas.

The Court declines to convert this habeas action into a civil rights or other non-habeas action for several reasons. As a threshold issue, a federal district court is without jurisdiction to review any determinations of removability. *See* 8 U.S.C. § 1252(a)(5), (b)(9). Further, there are significant and numerous pleading and procedural differences between habeas actions and civil rights actions. For example, a habeas action may be brought by someone acting on behalf of the petitioner. *See* 28 U.S.C. § 2242. In contrast, in a non-habeas civil action, a party may only bring claims on their own behalf, *see Bingham v. Massachusetts*, 616 F.3d 1, 5 (1st Cir. 2010), and a plaintiff who is not a licensed attorney cannot represent anyone but themself, *see O'Diah v. Volkswagen of Am., Inc.*, 91 Fed. App'x 159, 160 (1st Cir. 2004). In a habeas action, the operative pleading is a petition in which the respondent is the person who has custody of the

petitioner. In a non-habeas action, the plaintiff must file a complaint identifying all defendants and the alleged misconduct of each of them.

Thus, if Gicharu wishes to pursue any non-habeas claims, he may file a civil complaint on his own behalf.

### III. Conclusion

Accordingly, for the reasons set forth above, the Court hereby orders:

1. All claims for habeas relief are DENIED as moot.

2. All non-habeas claims are DISMISSED without prejudice.

3. This action is DISMISSED.

SO ORDERED.

                                        /s/ Myong J. Joun
                                        United States District Judge